**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dorothy Austin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 3862 |
| | ) | |
| Commonwealth Financial Systems, Inc., | ) | |
| d/b/a NCC, a Pennsylvania corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Dorothy Austin, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Dorothy Austin ("Austin"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt owed for an Applied Card account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Commonwealth Financial Systems, Inc., d/b/a NCC ("NCC"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant NCC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant NCC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant NCC is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, NCC conducts business in Illinois.

6.     Moreover, Defendant NCC is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCC acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.     Ms. Austin is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an Applied Card account. When NCC began trying to collect this debt from Ms. Austin, by sending her a collection letter dated March 18, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCC's collection actions.  A copy of Defendant's letter is attached as Exhibit C.

8.     Accordingly, on April 15, 2011, one of Ms. Austin's attorneys at LASPD informed NCC, in writing, that Ms. Austin was represented by counsel, and directed

2

NCC to cease contacting her, and to cease all further collection activities because Ms. Austin was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9.     Nonetheless, Defendant NCC sent a collection letter, dated May 11, 2011, directly to Ms. Austin, which demanded payment of the Applied Card debt. A copy of this letter is attached as Exhibit E.

10.     Accordingly, on May 31, 2011, one of Ms. Austin's LASPD attorneys had to write to Defendant NCC again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11.     Defendant NCC's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant NCC's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Austin's, agent, LASPD, told Defendant NCC to cease communications and cease collections (Exhibit D). By continuing to

communicate regarding this debt and demanding payment (Exhibit E), Defendant NCC violated § 1692c(c) of the FDCPA.

16.     Defendant NCC's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant NCC knew that Ms. Austin was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant NCC to cease directly communicating with her.  By directly sending Ms. Austin a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant NCC violated § 1692c(a)(2) of the FDCPA.

20.     Defendant NCC's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Dorothy Austin, prays that this Court:

1.     Find that Defendant NCC's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Austin, and against Defendant NCC, for

4

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Dorothy Austin, demands trial by jury.

Dorothy Austin,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  June 7, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com